**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4713**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

KAREEM JAHMAL HORTON,

                Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  William L. Osteen, Jr., District Judge.  (1:08-cr-00480-WO-1)

Submitted:  August 11, 2010          Decided:  August 25, 2010

Before WILKINSON, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James B. Craven, III, Durham, North Carolina, for Appellant. Terry M. Meinecke, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kareem Jahmal Horton appeals his conviction and sentence for possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006). Horton's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), contending that there are no meritorious issues on appeal, but asserting that the evidence was insufficient to support Horton's conviction and the district court erred in enhancing Horton's sentence for obstruction of justice. Horton filed a pro se supplemental brief, arguing that his indictment is void because it is not signed by the grand jury foreman, in violation of Fed. R. Crim. P. 7(c); the evidence is insufficient to support his conviction; the district court erred by allowing the Government to present testimony regarding an aborted third firearms transaction; and the district court further erred by enhancing his sentence under USSG §§ 2K2.1(a)(2) and (b)(6). The Government has declined to file a brief. We affirm.

## I. Sufficiency of the evidence

"A defendant challenging the sufficiency of the evidence faces a heavy burden." United States v. Foster, 507 F.3d 233, 245 (4th Cir. 2007). We review a sufficiency of the evidence challenge by determining whether, viewing the evidence in the light most favorable to the government, any rational

2

trier of fact could find the essential elements of the crime beyond a reasonable doubt. United States v. Collins, 412 F.3d 515, 519 (4th Cir. 2005); see Glasser v. United States, 315 U.S. 60, 80 (1942). We review both direct and circumstantial evidence, and accord the government all reasonable inferences from the facts shown to those sought to be established. United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008). We do not weigh the evidence or review the credibility of the witnesses. See United States v. Allen, 491 F.3d 178, 185 (4th Cir. 2007). If the evidence "supports different, reasonable interpretations, the jury decides which interpretation to believe[.]" United States v. Murphy, 35 F.3d 143, 148 (4th Cir. 1994) (citation omitted). We will uphold the jury's verdict if substantial evidence supports it, and will reverse only in those rare cases of clear failure by the prosecution. Foster, 507 F.3d at 244-45.

In order to establish a violation of 18 U.S.C. § 922(g)(1), the Government had to prove: (1) the defendant was a convicted felon; (2) he knowingly possessed the firearm; and (3) the firearm traveled in interstate commerce. United States v. Gallimore, 247 F.3d 134, 136 (4th Cir. 2001); United States v. Langley, 62 F.3d 602, 606 (4th Cir. 1995) (en banc). After reviewing the record, it is clear that the evidence is sufficient to allow a rational trier of fact to find the

essential elements of two counts of possession of a firearm by a felon beyond a reasonable doubt. Accordingly, this issue is without merit.

## II. Obstruction of justice enhancement

Next, Horton's counsel contends that the district court improperly enhanced Horton's sentence for obstruction of justice, upon its finding that Horton committed perjury when testifying in his own defense. A district court's factual findings, including those that serve as a basis for an obstruction of justice enhancement under USSG § 3C1.1, are reviewed for clear error. United States v. Kiulin, 360 F.3d 456, 460 (4th Cir. 2004). This deferential standard of review requires reversal only if we are "left with the definite and firm conviction that a mistake has been committed." United States v. Stevenson, 396 F.3d 538, 542 (4th Cir. 2005) (quoting Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985)). However, we review a district court's legal conclusions regarding whether to apply a sentencing enhancement de novo. See United States v. Layton, 564 F.3d 330, 334 (4th Cir. 2009).

According to USSG § 3C1.1, a defendant's base offense level is to be increased two levels for obstruction of justice if

4

> [T]he defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and . . . the obstructive conduct related to (i) the defendant's offense of conviction[.]

USSG § 3C1.1. The application notes for § 3C1.1 specifically include the commission of perjury by defendant. USSG § 3C1.1 cmt. n.4(b). For purposes of § 3C1.1, the Supreme Court has defined perjury in the following manner: "[a] witness testifying under oath or affirmation [commits perjury] if she gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." United States v. Dunnigan, 507 U.S. 87, 94 (1993). Where "a defendant objects to a sentence enhancement resulting from h[is] trial testimony, a district court must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice, or an attempt to do the same, under the perjury definition we have set out." Id. at 95. After reviewing the record, we hold that the district court's enhancement for obstruction of justice was not in error.

We have reviewed the issues raised in Horton's pro se supplemental brief and find them to be unavailing. Additionally, in accordance with Anders, we have reviewed the remainder of the record and find no meritorious issues for

5

appeal.  Accordingly, we affirm the judgment of the district court, deny Horton's counsel's motion to withdraw, and deny Horton's motions to place this case in abeyance and to amend his supplemental brief.  We require that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED